IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| APPS COMMUNCATIONS, INC. ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10 C 1618 |
| ) | Judge Blanche M. Manning |
| S2000, CORP. and JOSEPH SFORZO, ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

According to Apps Communications, Inc., S2000, Corporation failed to pay certain invoices for information technology services which Apps rendered, so Apps filed suit against S2000 and its chief executive officer, Joseph Sforzo. S2000 and Sforzo have moved to dismiss certain counts of the First Amended Complaint ("FAC") and to temporarily stay this action due to another related action filed first in the Eastern District of New York. For the following reasons, S2000's motion to dismiss is denied in part and granted in part, and Sforzo's motion to dismiss is granted. In addition, the defendants' motion to temporarily stay this action is denied.

## I. FACTS

Apps is a telecommunications and internet technology firm which provided information technology services to S2000. Apps sent monthly invoices to S2000, but Apps alleges that S2000 failed to pay for services in the amount of $241,085.03. Apps filed suit against S2000 alleging breach of contract, unjust enrichment, fraud, and account stated. Additionally, Apps brought a breach of a fiduciary duty claim against S2000's chief executive officer, Joseph Sforzo. S2000 has moved to dismiss Apps' unjust enrichment and fraud claims based on Federal Rules of Civil Procedure 12(b)(6) for failure to state a claim. In addition, Sforzo has moved to dismiss the breach of fiduciary duty claim based on Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(6) for failure to state a claim.

## II. ANALYSIS

### A. Unjust Enrichment and Fraud—Rule 12(b)(6)

#### 1. Standard of Review

A complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007). In *Iqbal*, the Supreme Court stated that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The Seventh Circuit has recently synthesized the relevant Supreme Court caselaw regarding Rule 12(b)(6) as follows:

> So, what do we take away from *Twombly*, *Erickson*, and *Iqbal*? First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements.

*Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). That being said, "in examining the facts and matching them up with the stated legal claims, we give 'the plaintiff the benefit of imagination, so long as the hypotheses are consistent with the complaint.'" *Bissessur v. Ind. Univ. Br. Of Tr.*, 581 F.3d 599, 603 (7th Cir. 2009). In addition, the court should also take into consideration the complexity of the case when addressing whether a complaint alleges sufficient facts. *See Limestone Dev. Corp. v. Vill. of Lemon, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) (amount of factual allegations required to state a plausible claim "will depend on the type of case" and "[i]n a complex antitrust or RICO case a fuller set of factual allegations than found in the sample complaints in the civil rules' Appendix of Forms may be necessary").

Finally, on a motion to dismiss under Rule 12(b)(6), the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000).

#### 2. Unjust Enrichment (Count II)

S2000 asserts that Apps' unjust enrichment count must be dismissed because Apps has alleged a breach of contract count and, therefore, unjust enrichment is unavailable. *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. App. Ct. 2004)("Where there is a specific contract that governs the relationship of the parties, the doctrine of unjust enrichment has no application."). "However, at this stage [Apps] is permitted to plead in the alternative claims of breach of contract and equitable theories premised on the lack of a binding contract." *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F. Supp. 2d 897, 913 (N.D. Ill. 2006)(citing Rule 8(e)(2)); *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1406 (N.D. Ill. 1993). S2000 acknowledges that Apps may plead in the alternative but argues that Apps cannot include allegations regarding the existence of a contract that governs the parties' relationship in its count for unjust enrichment. *Sharrow Group v. Zausa Development Corp.*, No. 04 C 6379, 2004 WL 2806193, at *3 (N.D. Ill. Dec. 6, 2004)("[W]hile plaintiff may plead breach of contract in one count and unjust enrichment and promissory estoppel in others, it may not include allegations of an express contract, which governs the relationship of the parties, in the counts for unjust enrichment and promissory estoppel")(citations omitted).

In its unjust enrichment count, Apps does include previously pled allegations which discuss an alleged agreement with S2000. However, the court construes such allegations as simply providing background. Apps is not seeking double recovery under both breach of contract and unjust enrichment; rather, any relief would be in the alternative. *Reis Robotics*, 462 F. Supp. 2d at 913 ("If the contract is held to be invalid due to fraud or for some other reason, [Apps] may be able to recover under one of its equitable theories. Of course, [Apps] may not recover under both its contract-based and equitable theories, but that is not a concern at this stage of the proceedings.")(internal citation omitted). In this case, the court is not willing to place form over substance and require Apps to amend its complaint to take out references to any paragraphs describing the contract between the parties. S2000's motion to dismiss the unjust enrichment count is denied.

### 3. Fraud (Count III)

S2000 claims that Apps' common-law fraud claim is actually a claim for promissory fraud because S2000's purportedly fraudulent statements pertain to promises of future performance. It thus contends that Apps' fraud claim is not actionable. *Bower v. Jones*, 978 F.2d 1004, 1011 (7th Cir. 1992)("Promissory fraud is generally not actionable in Illinois . . . ."). To be actionable as promissory fraud, the alleged fraud must be "particularly egregious or . . . embedded in a larger pattern of deceptions or enticements that reasonably induces reliance and against which the law ought to provide a remedy." *Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1354 (7th Cir. 1995); *see also Bower*, 978 F.2d at 1011 (indicating that while promissory fraud is generally not actionable in Illinois, "there is an exception to this rule 'where the false promise or representation of intention of future conduct is the scheme or device to accomplish the fraud'") (citation omitted).

Apps' complaint merely alleges that S2000 indicated that it would pay Apps' invoices and certain travel expenses and failed to do so. Such allegations do not suffice to allege that S2000's conduct is "particularly egregious" or part of a scheme to defraud. Accordingly, the motion to dismiss the fraud claim is granted. Because the court has dismissed the fraud claim, it need not address S2000's alternative argument that the claim fails to satisfy Fed. R. Civ. P. 9(b).

### B. Breach of Fiduciary Duty -- Rule 12(b)(2)

Sforzo moves to dismiss Apps' breach of fiduciary duty claim for two reasons. First, Sforzo contends that the court lacks personal jurisdiction and seeks to dismiss the claim pursuant

3

to Fed. R. of Civ. P. 12(b)(2). Second, Sforzo maintains that even if jurisdiction is secure, Apps has failed to state a claim for breach of fiduciary duty under Rule 12(b)(6). These arguments will be addressed in turn.

### 1. Lack of personal jurisdiction—Rule 12(b)(2)
#### a. Personal Jurisdiction

In ruling on a motion to dismiss pursuant to Rule 12(b)(2) based on lack of personal jurisdiction, the court may consider matters outside the pleadings, such as affidavits and other materials submitted by the parties. *See* Fed. R. Civ. P. 12(b). The plaintiff bears the burden of establishing personal jurisdiction. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). In making its determination regarding personal jurisdiction, the court must resolve any factual disputes in the plaintiff's favor, but must accept the allegations in the complaint as true only to the extent that they are not controverted by other evidence in the record. *Id.*

Where the court's subject matter jurisdiction stems from diversity of citizenship, as in this case, the court may assert personal jurisdiction over a defendant only if personal jurisdiction would be proper in an Illinois court. *Michael J. Neuman & Assoc., Ltd. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). Under the Illinois long-arm statute, Illinois state courts have general jurisdiction over nonresident defendants "doing business" in Illinois and specific jurisdiction over nonresident defendants if the claims arise from their "transactions" in Illinois. 735 ILCS §§ 5/2-209(a) & (b).

The Illinois long-arm statute also contains a "catch-all" provision which allows Illinois state courts to assert personal jurisdiction to the maximum extent permitted by the Illinois and United States Constitutions. 735 ILCS § 5/2-209(c). Thus, jurisdiction under the Illinois long-arm statute is coextensive with the federal due process requirement. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010)(because "the Illinois long-arm statute permits the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause, 735 Ill. Comp. Stat.. 5/2-209(c), . . . the state statutory and federal constitutional inquiries merge"). In order to assert personal jurisdiction over nonresident defendants consistent with federal due process, a defendant must have (1) "certain minimum contacts with the forum state such that (2) the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In other words, "each defendant must have purposely established minimum contacts with the forum state such that he or she 'should reasonably anticipate being haled into court' there." *Tamburo*, 601 F.3d at 701 (citation omitted).

#### b. General Jurisdiction

In what appears to be an attempt to claim that Sforzo is subject to the court's general jurisdiction, Apps argues that "it is apparent that Joseph Sforzo has established a sufficient level of business dealings with Illinois such that the defendant could reasonably expect to be sued there." Plaintiff's Response at 2, Dkt. #33. According to Apps, Sforzo has a long history of business dealing with Apps that began before S2000 originated. Apps also states that Sforzo "actively marketed products and services in Illinois" and "solicited business in Illinois by making phone calls to potential customers and by conducting meetings in the state." Resp. at ¶ 3.

As noted by the Seventh Circuit:
> [T]he constitutional requirement for general jurisdiction is "considerably more stringent" than that required for specific jurisdiction. General jurisdiction is permitted only where the defendant has "continuous and systematic general

> business contacts" with the forum. These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in an [Illinois] court in any litigation arising out of any transaction or occurrence taking place anywhere in the world.

*Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003)(citations omitted). Sforzo has challenged this court's exercise of personal jurisdiction over him and has submitted an affidavit in support; as such, Apps must point to evidence establishing a prima facie case that jurisdiction exists. *ABN AMRO, Inc. v. Capital Intern. Ltd.*, 595 F.Supp. 2d 805, 818 (N.D. Ill. 2008)("[I]f the defendant submits affidavits or other evidence in opposition [to the plaintiff's assertion of personal jurisdiction], 'the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction'")(quoting *Purdue Research*, 338 F.3d at 783).

Apps, however, has failed to submit any affirmative evidence with respect to its contention that the court has general personal jurisdiction over Sforzo. Apps' assertions that S2000 marketed projects and solicited business in Illinois are unsupported by any evidence. Moreover, while Sforzo agrees that he and S2000 have had a long business relationship with Apps, Apps fails to outline the nature or specifics of this relationship such that the court could glean that general jurisdiction over Sforzo in Illinois is appropriate. Accordingly, the court concludes that the plaintiff has not met its burden of establishing that Sforzo has sufficient contacts with Illinois such that it may exercise general jurisdiction over him.

### c. Specific Jurisdiction

Apps next argues that Sforzo is subject to specific personal jurisdiction in Illinois. "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702 (citation omitted). "To support an exercise of

5

specific personal jurisdiction, the defendant's contacts with the forum state must directly relate to the challenged conduct or transaction; [the court] therefore evaluate[s] specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit." *Id*. (citation omitted). The Seventh Circuit has recently stated that relevant Supreme Court precedent, *Calder v. Jones*, 465 U.S. 783, 790 (1984), "suggests three requirements for personal jurisdiction in this context [*i.e.*, where tortious conduct is alleged]: (1) intentional conduct (or 'intentional and allegedly tortious' conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt-that is, the plaintiff would be injured-in the forum state." *Id*. at 703 (citations omitted). [1]

Here, Apps alleges that Sforzo, as the chief executive officer of S2000, "owes the company the highest duties of care, loyalty, and good faith." FAC at ¶31. The FAC further alleges that Sforzo "willfully and without just cause orchestrated a breach of contract between the parties" and "secured company products for S2000 that were produced and owned by Apps Communications, Inc. without proper payment, and in bad faith." *Id*. at ¶32. According to the FAC, Sforzo "breached his duties of care, loyalty, and good faith to S2000, as he personally took advantage of a position of trust in order to benefit himself." *Id*. at ¶33. In his response to the motion to dismiss, Apps elaborates by asserting that "Sforzo specifically participated in all pre-negotiations, meetings and dealings between Apps Communications, Inc. and S2000 Corp." Resp. at 3. Apps also contends that "Sforzo has personal knowledge regarding Apps Communications Inc.'s trademark and intellectual property rights over software that has never been paid for." *Id*. In that same vein, in another section of its response brief, Apps states that it "reasonably believes that Joseph Sforzo has assumed patent rights over S2000 Corp. technology in his individual capacity." Resp. at ¶1. Apps concludes that Sforzo "directed his actions toward the plaintiff in Illinois with knowledge that his actions would cause harm." Resp. at ¶ 4.

It is entirely unclear on what conduct the brief of fiduciary duty claim is purportedly based. In the allegations of the complaint, Apps alludes to interference with the alleged contract between Apps and S2000 and perhaps conversion of products or services from Apps. The statements in Apps' response brief, however, suggest that the breach of fiduciary duty claim might be based on issues of ownership of intellectual property. Even

---

[1] Apps refers to this as the "effects test," pursuant to which "personal jurisdiction over a nonresident defendant is proper when the defendant's intentional tortious actions expressly aimed at the forum state cause harm to the plaintiff in the forum state, and the defendant knows such harm is likely to be suffered." *Richter v. INSTAR Enters. Intern., Inc.*, 594 F. Supp. 2d 1000, 1010 (N.D. Ill. 2009) (*citing Euromarket Designs*, 96 F. Supp. 2d 824, 835 (N.D. Ill. 2000)).

assuming that the court could ascertain what purported conduct by Sforzo the breach of fiduciary duty claim is based on, allegations of general wrongdoing do not demonstrate that S2000 took actions directed at Illinois.

Given the complete lack of clarity or detail in the FAC (or the response brief), the court concludes that the plaintiff has failed to demonstrate that any intentional and allegedly tortious conduct by Sforzo was expressly aimed at Illinois with his knowledge that the effects would be felt (*i.e*, the plaintiff would be injured) in Illinois. *See Tamburo*, 601 F.3d at 603 (citation omitted). Accordingly, Sforzo's motion to dismiss Apps' breach of fiduciary claim for lack of personal jurisdiction pursuant to Rule 12(b)(2) is granted.

2.  **Rule 12(b)(6) – Failure to State a Claim**

In the interests of completeness, the court will address S2000's alternative argument for dismissal--that Apps has failed to state a claim for breach of a fiduciary duty. In Illinois, a breach of a fiduciary duty contains the following elements: (1) the existence of a fiduciary duty, (2) breach of that duty, and (3) damages proximately resulting from that breach. *Autotech Tech. Ltd. P'ship v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006)(*citing Neade v. Portes*, 839 N.E.2d 496, 502 (Ill. 2000)). As noted above, the court is not able to ascertain what the factual basis of Apps' breach of fiduciary duty claim against Sforzo is. Accordingly, even assuming that personal jurisdiction is proper, the breach of fiduciary duty claim would fail to state a claim that is plausible on its face. *Bell Atl. Corp.*, 550 U.S. at 547, 570 (2007) (a complaint must contain "enough facts to state a claim to relief that is plausible on its face" and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level).

3.  **Apps' Request for Discovery and to Amend its Complaint**

In its response to Sforzo's motion to dismiss the breach of fiduciary duty claim, Apps requests "sufficient time to depose Joseph Sforzo" in order to "file an amended pleading to add additional counts against defendant Joseph Sforzo for stockholder derivative claims, and counts for violation of Plaintiff's intellectual property rights." Response at 4, Dkt. #33. This request is

7

denied without prejudice at this time. The parties shall proceed with discovery and, if necessary, shall file any motions in accordance with the rules.

    C.    **S2000's Motion to Stay**

A mirror action to this one is pending in the Eastern District of New York, styled *S2000 Corp. v. Apps Communications, Inc. and David Apps*, No. 10 CV 994 (E.D.N.Y.). The New York case was filed one week before the instant case. S2000 moves to stay this case pending the New York court's resolution of Apps' motion to dismiss, or in the alternative, motion to transfer the New York case to Illinois. According to Apps, S2000 improperly raced to the courthouse in New York to file its action first after Apps notified S2000 that it would bring suit if S2000 did not pay its bills. However, Apps' motion to dismiss or transfer in the New York case was filed approximately three months ago and nothing has happened in that case since. This court declines to stay this case for an undetermined period of time while waiting for a ruling in another case.

**III.    CONCLUSION**

For the reasons stated above, S2000's and Sforzo's motions to dismiss [21-1, 23-1] are granted in part and denied in part. Specifically, S2000's motion to dismiss the unjust enrichment claim is denied, the motion to dismiss the fraud claim is granted and Apps is given 21 days to replead the fraud claim, and Sforzo's motion to dismiss the breach of fiduciary duty claim for lack of personal jurisdiction is granted. S2000's motion to stay is denied. Within 14 days of the date of entry of this order, the parties shall have an initial status conference and submit, to both this court and the magistrate judge, a joint status report pursuant to this court's standing order. Status is set for September 9, 2010 at 11 a.m.

**ENTER: August 3, 2010**

*Blanche M. Manning*
**Blanche M. Manning**
**United States District Judge**

8